IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-49,887-02





EX PARTE VINCENT GUTIERREZ







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 97-CR-2645B FROM THE


299
TH DISTRICT COURT OF BEXAR COUNTY





Per Curiam.


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071, Section 5.

 Applicant was convicted of capital murder on March 6, 1998. On direct appeal we
affirmed the conviction and sentence. Gutierrez v. State, No. 73,605 (Tex. Crim. App.
April 12, 2000). In June 2000, applicant timely filed his initial application for writ of
habeas corpus pursuant to Article 11.071. We denied relief. Ex parte Gutierrez, No.
WR-49,887-01 (Tex. Crim. App. October 10, 2001).


 Applicant raises two claims: (1) that he might be mentally ill and that he was
possibly sexually abused by family members, and (2) that the prosecutor failed to divulge
Brady evidence that he had promised a witness a favor for his testimony. The record
shows that trial and initial habeas counsel interviewed applicant's mother. She testified at
trial. There was an evidentiary hearing on the initial habeas application. Applicant
asserts that his various counsel did not complete the investigation of this claim because
this Court did not properly provide funds to him. Applicant has failed to show a reason
why counsel could not have gotten a statement or called his mother to testify at the initial
writ hearing. This indicates he did not exercise due diligence. With regard to applicant's
second claim, it is not a Brady violation to thank a witness with the pleasantry "call me if
you need a favor" where there is no "legal trouble" for the State to use to overbear the
will of the witness and where the witness asks the prosecutor for assistance seven years
after he testifies.

 We have reviewed this subsequent application and find that it does not meet the
requirements of Article 11.071, Section 5 for consideration of subsequent claims. The
application is dismissed as an abuse of the writ and the motion for stay of execution is
denied.

 IT IS SO ORDERED THIS THE 19TH DAY OF MARCH, 2007.

Do Not Publish